**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ruby LAMB, Defendant–Appellant.**

**No. 94–2371.**

United States Court of Appeals,
Seventh Circuit.

Jan. 26, 1996 *.

David H. Miller, Office of the United States Attorney, Fort Wayne, IN, for United States of America.

Jerold S. Solovy, William A. Von Hoene, Jr., Chaka M. Patterson, Jenner & Block, Chicago, IL, for Ruby Lamb.

Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Following a jury trial, Ruby Lamb was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and of using a firearm in relation to that conspiracy, in violation of 18 U.S.C. § 924(c)(1). We issued our opinion on September 11, 1995, affirming her convictions and sentence. *United States v. Jackson,* 65 F.3d 631 (7th Cir.1995). On December 15, 1995, Lamb filed a timely petition for rehearing and suggestion for rehearing en banc,[1] and the government filed an

---

* A request by one judge for a vote on rehearing *en banc* was withdrawn as a result of the disposition of the petition for rehearing.

1. Generally, Lamb would have had only fourteen days from September 11, 1995, in which to file her petition. FED.R.APP.P. 40(a); 7TH CIR.R. 40(d). However, Lamb filed a motion for an extension of time to file a petition for rehearing. This court granted her motion on October 26, 1995, extending her time to file the petition until November 28, 1995. On November 15, 1995, Lamb filed a motion for a further extension, which this court also granted, giving her until December 15, 1995, to file her petition for rehearing.

answer to her petition on January 2, 1996. In her petition, Lamb argues that the United States Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), requires us to reverse her conviction under 18 U.S.C. § 924(c)(1). We agree. Accordingly, we grant Lamb's petition for rehearing and, with no need for further oral argument, vacate that portion of the *Jackson* opinion that affirmed Lamb's conviction for violating § 924(c)(1). Lamb's conviction under § 924(c)(1) is instead reversed, and her case is remanded for resentencing.

■ At trial, the government introduced numerous conversations between Lamb and her coconspirators concerning their involvement in various drug transactions. The government also offered physical and documentary evidence found at Lamb's residence and at the residence of her sister and coconspirator, Helen Jackson. At Lamb's house, federal agents found paper records detailing drug transactions, a triple-beam scale (used for precise weighing of small quantities of drugs), and plastic baggies of the sort used to package drugs for retail sale. At Jackson's house, agents found more records of drug transactions, and in the bedroom they found 127 grams of cocaine under one of her pillows, a .357 Magnum revolver under the other pillow, and another .357 Magnum underneath the bed. In one of the recorded conversations, Jackson told Lamb how the ceiling of her home had fallen in one night and how she had been so startled that she had grabbed one of the guns, thinking there might be an intruder.

In *Jackson,* we held that "the presence of a firearm in the vicinity of a seller's drug stash ... may suffice to support a § 924(c)(1) conviction because the firearm serves to guard the defendant's stock of drugs. If the surrounding circumstances show that the firearm facilitated the possession of drugs slated for distribution, a defendant may properly be convicted of violating § 924(c)(1)." 65 F.3d at 634 (citations omitted). Thus, we found the evidence sufficient to support Lamb's conviction under § 924(c)(1) on the grounds that (1) "Jackson kept her gun loaded and within easy reach a few feet from where the drugs were stored"; (2) "her .357 Magnum was a large-caliber handgun that she could use both to intimidate and to kill"; and (3) a reasonable juror could have concluded that she reached for her gun on the night the ceiling fell in "not only to protect herself but to protect her drugs and thus facilitate her drug trafficking activity." *Id.*

■ Last month, however, in *Bailey,* the Supreme Court clarified the law concerning § 924(c)(1) and, in so doing, rejected the approach we employed in *Jackson.* The Court held that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." —— U.S. at ——, 116 S.Ct. at 505 (emphasis in original). The Court went on to explain that the situation "where an offender conceals a gun nearby to be at the ready for an imminent confrontation" does not constitute active employment. *Id.* at ——, 116 S.Ct. at 508. Rather, active employment connotes activities such as "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* Under the Supreme Court's formulation, it is clear that Lamb's conviction for § 924(c)(1) cannot stand.

The government asserts in its answer to Lamb's petition that Jackson's retrieval of the gun on the night the ceiling fell in constitutes sufficient evidence of active employment. We disagree. The Supreme Court stated in *Bailey* that placement of a handgun "with the intent to put the firearm to future active use" does not constitute active employment. *Id.* at ——, 116 S.Ct. at 509. Jackson's action demonstrates that she did, in fact, intend to use the gun if necessary, but it does not change the fact that the gun's use was *potential.* The government put forth no evidence that the firearm was ever actively employed as an "operative factor" in any of the drug transactions that formed the basis of the conspiracy.

Ruby Lamb's petition for rehearing is GRANTED, and that portion of our decision in *Jackson* that affirmed her conviction for violating § 924(c)(1) is VACATED. We REVERSE

her conviction under § 924(c)(1) and REMAND her case to the district court for resentencing.