82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald E. LAMB, Defendant-Appellant.
 No. 94-2238.
 United States Court of Appeals, Seventh Circuit.
 April 4, 1996.
 
 Before CUMMINGS, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, Helen Jackson, Necole Lamb, Donald Lamb, and Ruby Lamb were convicted of (among other offenses) using a firearm in relation to their cocaine distribution conspiracy, in violation of 18 U.S.C. § 924(c)(1). We issued an opinion on September 11, 1995, affirming their convictions and sentences. United States v. Jackson, 65 F.3d 631 (7th Cir.1995).
 
 
 2
 The § 924(c)(1) convictions of all four defendants were based on evidence presented at trial that three .357 Magnum revolvers had been found in close proximity to cocaine in Helen Jackson's bedroom, with the resulting inference that she had kept the guns in order to protect the drugs and thereby further the drug conspiracy; Jackson's actions were attributed to the other three defendants by virtue of their membership in the overall conspiracy. In affirming the defendants' convictions for violating § 924(c)(1), we held that "the presence of a firearm in the vicinity of a seller's drug stash ... may suffice to support a § 924(c)(1) conviction because the firearm serves to guard the defendant's stock of drugs. If the surrounding circumstances show that the firearm facilitated the possession of drugs slated for distribution, a defendant may properly be convicted of violationg § 924(c)(1)." Id. at 634 (citations omitted). Since our decision in Jackson, however, the Supreme Court has rejected this holding, stating that " § 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Bailey v. United States, --- U.S. ----, ----, 116 S.Ct. 501, 505 (1995) (emphasis in original).
 
 
 3
 After Bailey was decided, Ruby Lamb filed a timely petition for rehearing and suggestion for rehearing en banc, arguing that the Bailey decision necessitated reversal of her § 924(c)(1) conviction. We agreed with her, and on January 26, 1996, we issued an opinion vacating our affirmance of her § 924(c)(1) conviction, reversing the conviction instead, and remanding her case to the district court for resentencing. United States v. Lamb, 74 F.3d 751 (7th Cir.1996). In deciding Lamb, we noted: "The [Supreme] Court ... explain[ed] that the situation 'where an offender conceals a gun nearby to be at the ready for an imminent confrontation' does not constitute active employment. Rather, active employment connotes activities such as 'brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm.' " Id. at 752 (quoting Bailey, 116 S.Ct. at 508) (citations omitted). At trial, "[t]he government put forth no evidence that the firearm was ever actively employed as an 'operative factor' in any of the drug transactions that formed the basis of the conspiracy." Id. Thus, we held that "[u]nder the Supreme Court's formulation, it is clear that [Ruby] Lamb's conviction for § 924(c)(1) cannot stand." Id.
 
 
 4
 Along a different avenue of review, Donald Lamb petitioned the United States Supreme Court for a writ of certiorari, arguing as his ex-wife did that his § 924(c)(1) conviction was improper under Bailey. On March 4, 1996, the Supreme Court issued an order granting Donald Lamb's petition, vacating our affirmance of his conviction, and remanding his case to this court (where it is before us today) for further consideration in light of Bailey. Lamb v. United States, 1996 WL 89129 (U.S. Mar. 4, 1996). Because all four defendants' convictions were based on exactly the same evidence of guns kept in Jackson's bedroom to protect the cocaine, the reasoning of our opinion in Lamb applies equally to all of them. Thus, Lamb's holding controls here on this remand, and we accordingly REVERSE Donald Lamb's conviction under § 924(c)(1) and REMAND his case to the district court for resentencing.